13-4663-pr
*Butler v. B. Furco, Nurse Administration*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*,

---

WILLIE BUTLER,

     *Plaintiff-Appellant*,

        v.                                                  No. 13-4663-pr

B. FURCO, Nurse Administration,

     *Defendant-Appellee*.

GENOVESE, Doctor, Director,
ALAM, Doctor,

     *Defendants*.

---

**FOR PLAINTIFF-APPELLANT:**          Willie Butler, *pro se*, Otisville, NY.

**FOR DEFENDANT-APPELLEE:**          Claude S. Platton, Assistant Solicitor General
                                     of the State of New York (Barbara D.
                                     Underwood, Solicitor General, and Michael S.

Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Willie Butler, proceeding *pro se*, appeals from the District Court's November 19, 2013 judgment granting defendants' motion for summary judgment, and dismissing Butler's claims under 42 U.S.C. § 1983.

Butler's § 1983 action arises from his medical treatment at Sing Sing Correctional Facility. Before the District Court, Butler asserted that three medical professionals—Dr. Tasbirul Alam, Health Services Director Dr. Maryann Genovese, and Nurse Barbara Furco—were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the U.S. Constitution. The District Court granted defendants' motion for summary judgment and dismissed Butler's claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a District Court's grant of summary judgment, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is warranted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir. 2008).

To prevail on his Eighth Amendment claim, Butler must show that the defendants were deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). The deliberate indifference standard is comprised of an objective and a subjective component: (1) the alleged deprivation of medical care "must be sufficiently serious"; and (2) the defendant must have acted with the requisite mental state, meaning "something more than mere negligence," and akin to criminal recklessness. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks and citation omitted). In cases where the alleged "inadequacy is in the medical treatment given, the seriousness inquiry is narrower." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). We focus on the alleged inadequate treatment, not the underlying condition alone. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003).

We granted Butler's motion to proceed *in forma pauperis* as to his "claim against Nurse Furco, which was not specifically addressed by the district court." Dkt. No. 40. We dismissed the appeal as to Butler's other claims. *Id.*

Upon our *de novo* review of the record, we conclude that Butler's claim against Nurse Furco is meritless. Therefore, although the District Court failed to address this claim separately, remand to the District Court would be futile. *See McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) ("We may affirm summary judgment on any ground supported by the record, even if it is not one on which the district court relied."); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1072 (2d Cir. 1996) ("An appellate court has the power to decide cases on appeal if the facts in the record adequately support the proper result, or if the record as a whole presents no genuine issue as to any material fact." (internal citations and quotation marks omitted)).

Read broadly, Butler's complaint alleged that Nurse Furco was deliberately indifferent to his serious medical needs in three ways: (1) through her involvement with Butler's allergic reaction to an antibiotic, Doxycycline; (2) by falsely reporting that Butler was having stomach problems instead of headaches; and (3) by refusing to administer an EKG, which was "mandatory" due to his pacemaker.

As to Butler's first claim, the record establishes that Butler's medical file did not make reference to his allergy to Doxycycline before June 18, 2012. Thus, there is no evidence in the record to support an inference that anyone involved in Butler's care prior to June 18, 2012, including Nurse Furco, was aware of Butler's allergy to Doxycycline before it was prescribed. Moreover, Nurse Furco did not prescribe the drug—Dr. Alam wrote the prescription. And the fact that Doxycycline could be taken safely with the heart medication Butler was also taking—Digoxin— undermines Butler's claim that prescribing Doxycycline reflected deliberate indifference to his health. Finally, even assuming that Butler's allergic reaction was a "serious medical condition," there is no evidence that Nurse Furco's purported actions were taken with the requisite mental state. Accordingly, no reasonable jury could conclude that Nurse Furco acted with deliberate indifference with respect to Butler's reaction to taking Doxycycline.

Butler's second claim—that Nurse Furco "misreported" to doctors that Butler suffered stomach problems instead of a headache—is equally meritless. Even assuming the truth of this allegation, no reasonable jury could conclude that this purported misrepresentation was made with the requisite mental state—*i.e.*, something more than mere negligence, akin to criminal recklessness. Negligent errors are not actionable as deliberate indifference to medical needs under the Eighth Amendment. *See Hathaway*, 99 F.3d at 553. Moreover, the record does not establish that Nurse Furco's misrepresentation of Butler's symptoms caused him any harm. In fact, the undisputed medical records show that Butler corrected any misunderstanding and was treated for a headache that day. *See* Record on Appeal ("ROA") doc. 69-2 at 19 (noting Butler complained of "headaches for 2-3 days" and order of "Ibuprofen . . . for headache"). Accordingly, no reasonable jury could

3

conclude that Nurse Furco acted with deliberate indifference in misrepresenting Butler's headache as stomach problems.

Finally, Butler's third claim—that Nurse Furco failed to administer an EKG—has not been raised on appeal. Accordingly, Butler has abandoned this claim. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a litigant—even one who is *pro se*—abandons any issues not raised in an appellate brief). In any event, the undisputed evidence establishes that Butler received an EKG on June 18, 2012, the same day Nurse Falco cared for him. *See* ROA doc. 69-2 at 19 (noting "EKG obtained"). Therefore, even if Nurse Furco negligently failed to administer an EKG, negligence is not actionable under the Eighth Amendment, and—in any event—the alleged negligence was immediately corrected.

## **CONCLUSION**

We have considered all of the arguments raised by Butler on appeal and find them to be without merit. For the reasons stated above, the November 19, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4